I respectfully dissent. Despite evidence of Lewis's rehabilitation efforts, the trial court's determination that he is a sexual predator under R.C. 2950.09(B) was not against the manifest weight of the evidence. R.C. 2950.09(B)(2) indicates that the trial court may consider whether the defendant displayed cruelty during the sexual offense and whether the defendant has any prior convictions, including, but not limited to, sexual offenses. Here, the state introduced into evidence the presentence-investigation report, which indicated that Lewis had used cruelty by breaking into the victim's home in the middle of the night and threatening her with a butcher knife during the course of the original offenses. The report also contained Lewis's prior criminal record, another consideration for the trial court in making a sexual-predator determination, which included a conviction for two counts of public indecency, a sexually-oriented offense under R.C. 2907.09.
The transcript of the hearing reflects that the trial court took into consideration Lewis's attempts at rehabilitation while incarcerated, but this was outweighed by the use of cruelty during the offenses and Lewis's prior conviction for a sexually-oriented offense almost one year before his conviction for gross sexual imposition. I would accord deference to the trial court's weighing of the factors and affirm the sexual-predator adjudication.